## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TED S., | : | Case No. 3:23-cv-00002 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

This case is before the Court on the parties' Joint Motion for an Award of

Attorney Fees Under the Equal Access to Justice Act (EAJA) (Doc. No. 13).

Specifically, the parties stipulate to an award to Plaintiff of attorney fees in the amount

of $2,055.00, in full satisfaction and settlement of any and all claims Plaintiff may

have under the EAJA in the above case. The award of attorney fees will satisfy all of

Plaintiff's claims for fees, costs, and expenses under 28 U.S.C. § 2412 in this case.

Any fees paid belong to Plaintiff, and not his attorney, and can be offset to satisfy pre-

existing debt that Plaintiff owes the United States under *Astrue v. Ratliff*, 560 U.S. 586

(2010). Plaintiff and Defendant move that the Court award Plaintiff EAJA fees, costs,

and expenses in the amount of $2,055.00.

After the Court enters this award, if counsel for the parties can verify that

Plaintiff owes no pre-existing debt subject to offset, Defendant agrees to direct that the

award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly

signed by Plaintiff and counsel.

**IT IS THEREFORE ORDERED THAT:**

1.      The parties' Joint Motion for an Award of Attorney Fees
        Under the EAJA (Doc. No. 13) is accepted and Defendant
        shall pay Plaintiff's attorney fees in the amount of $2,055.00;

2.      Counsel for the parties shall verify, **within thirty days of this
        Decision and Entry,** whether Plaintiff owes a pre-existing
        debt to the United States subject to offset.  If no such pre-
        existing debt exists, Defendant shall pay the EAJA award
        directly to Plaintiff's counsel pursuant to the EAJA
        assignment signed by Plaintiff and counsel; and

3.      The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

                                        *s/ Caroline H. Gentry*
                                        Caroline H. Gentry
                                        United States Magistrate Judge